UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESIGN DATA CORPORATION,

        Plaintiff,                              No. C 12-4131 PJH

    v.                                      **ORDER**

UNIGATE ENTERPRISE, INC., et al.,

        Defendants.

_____/

       Plaintiff Design Data Corporation filed this action on August 6, 2012, asserting copyright infringement and unjust enrichment/restitution. On September 28, 2012, defendants filed a motion to dismiss the second claim for unjust enrichment/restitution. The case was reassigned to the undersigned district judge on October 10, 2012.

       On October 11, 2012, rather than simply renoticing the motion as directed in the notice of reassignment, defendants filed a "motion to amend/correct." This motion, which was also identified on the court's docket as an "amended notice of motion of the motion to dismiss," was noticed for hearing on November 28, 2012. The following day, October 12, defendants filed a "renotice" of the motion (also for November 28), but did not withdraw the separate motion filed on October 11.

       On October 23, 2012, plaintiff filed an amended complaint without first obtaining the agreement of defendants or the court. This was not permissible under Federal Rule of Civil

Procedure 15(a) because it was filed more than 21 days after defendants filed their motion to dismiss on September 28. On the other hand, it was arguably permissible, in that it was filed fewer than 21 days after defendants filed the October 11 "motion to amend/correct," which was in essence a second motion to dismiss.

Also on October 23, plaintiff filed a response to the "motion to amend/correct" stating that it would not oppose dismissal of the second cause of action for unjust enrichment/restitution, but that it also wanted to amend the complaint to delete that claim and replace it with a claim of breach of contract under a quasi-contractual or implied-in-law contract. A week later, on October 30, defendants filed a response to plaintiff's opposition, arguing that both the amended complaint and the opposition to the motion to dismiss were untimely and were filed in violation of the Rules of Civil Procedure and the Civil Local Rules of this court. The following day, October 31, defendants filed yet another motion to dismiss – this one directed at the October 23 amended complaint – which they noticed for hearing on December 5, 2012.

The court has set forth the above chronology to demonstrate how quickly matters can go astray if parties do not comply with the rules of procedure. At present, the docket reflects three motions to dismiss, one with a hearing date that has been vacated, one with a November 28 hearing date, and one with a December 5 hearing date. The docket also reflects an amended complaint that appears to have been filed in violation of the rules.

In order not to waste any additional time or resources, the court hereby orders as follows. The court will accept the filing of the amended complaint on October 23, 2012, and the motion to dismiss the amended complaint, filed on October 31, 2012. The September 28 and October 11 motions to dismiss (Doc. Nos. 7 and 14) will be terminated. Plaintiff's opposition to the motion to dismiss will be filed no later than November 14, 2012. Defendants' reply shall be filed no later than November 21, 2012. The hearing date will be VACATED. The court will issue a written decision. Due to the court's unavailability between December 6, 2012 and January 2, 2013, the decision will likely not be issued until 2013.

Counsel for both sides are hereby cautioned that the court expects them to carefully review and comply with the Federal Rules of Civil Procedure and the Civil Local Rules of this court.

**IT IS SO ORDERED.**

Dated: November 9, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California