UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGN DATA CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>UNIGATE ENTERPRISE, INC., et al.,<br><br>  Defendants. | Case No. 12-cv-04131-WHO<br><br>**ORDER DENYING MOTION TO STRIKE, PARTIALLY STAYING CASE AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 46 |

Currently before the Court is plaintiff's motion to strike the answers of two defendants, Unigate Enterprise, Inc. and Unigate Investment, Inc. Docket No. 46. That motion is set for hearing on September 18, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES without prejudice the motion to strike the answers, stays the case as to defendants Unigate Enterprise, Inc. and Unigate Investment, Inc., and sets this matter for a Case Management Conference on Tuesday October 1, 2013 at 2:00 p.m.

Plaintiff filed this suit for copyright infringement and unjust enrichment on August 6, 2012, and filed an Amended Complaint on October 16, 2012. On February 13, 2013, the defendants filed their answer to the Amended Complaint. In August 2013, plaintiff filed a motion to strike the answers of defendants Unigate Enterprise, Inc. and Unigate Investment, Inc., after discovering that those defendants' corporate status had been suspended. Under California Revenue & Tax Code section 23301 and California Corporations Code section 2205, a suspended corporation has no right or privilege to prosecute or defend an action in a California court. *See Timberline, Inc. v. Jaisinghani*, 54 Cal. App. 4th 1361, 1365 (1997).

All five defendants oppose the motion to strike. They acknowledge that the corporate status of both defendants is suspended; specifically that defendant Unigate Investment, Inc. was never an active entity and was believed to have been dissolved prior to September 1999, and that defendant Unigate Enterprise, Inc. is suspended but that defendants have submitted an application and fees to revive its corporate status. Opp. Br. at 2-3; Declaration of Jianjun "Louis" Lou [Docket No. 47-3], ¶¶ 3-5. However, in light of the defendants' steps to revive Unigate Enterprise, Inc. and determine why Unigate Investment, Inc. was not dissolved, defendants ask the Court to grant a temporary stay until the status of these defendants is resolved. Opp. Br. at 2.

Plaintiff opposes a stay, arguing that the suspended defendants cannot "oppose" the motion given their suspended status. Plaintiff also argues that a stay pending the revival of corporate status is only appropriate when a party learns of the suspended corporate status *after* the party's attempt to exercise a right or privilege of the corporation (here, after the filing of the answer) and then takes steps to revive, which does not appear to be the case here.[1] Reply Br. at 4-5; *Timberline*, 54 Cal. App. 4th at 1367-68 (finding that corporation whose status was suspended could not retroactively revive corporate status to preserve a renewed-judgment when corporation was suspended at time it renewed the judgment).

The Court, however, finds that a stay in these circumstances is appropriate. This is not a case, as in *Timberline*, where plaintiff took *affirmative* actions to renew a judgment (*e.g.,* exercise an affirmative corporate right or privilege) with knowledge that its status had been suspended. Instead, in this case, defendants answered a complaint on behalf of two companies, one of whom defendants believed had been dissolved long ago and the other recently inactive. In this situation, California courts grant a short continuance to allow the status to be revived, which serves the purpose of the code sections which is to put pressure on delinquent corporations to pay taxes. *Timberline*, 54 Cal. App. 4th at 1366; *see also Schwartz v. Magyar House, Inc*., 168 Cal. App. 2d 182, 188 (1959) (allowing suspended party to make a motion for a continuance, despite suspended

---

[1] Plaintiff argues that it served discovery on defendants to determine exactly when the two defendants had their corporate statuses suspended and when the individual defendants and defense counsel knew about those suspensions, but that discovery has not been provided. Reply Br. at 3-4; Declaration of Kymberleigh N. Korpus [Docket No. 48-1], ¶¶ 2-3.

2

1  statue, for purpose of reviving status; such "motion would not constitute a defense or actual
2  participation upon the merits of the action."). Upon revival, the earlier acts are validated *See, e.g.,*
3  *Peacock Hill Assn. v. Peacock Lagoon Constr. Co.*, 8 Cal. 3d 369, 373 (1972) ("as to matters
4  occurring prior to judgment the revival of corporate powers has the effect of validating the earlier
5  acts and permitting the corporation to proceed with the action.").

6  The stay also makes sense from a judicial efficiency standpoint. As plaintiff admits, it
7  seeks to strike the answers, move for entry of default, and then seek entry of default judgment. At
8  that juncture, the Court would be called upon to determine whether good cause exists to set aside
9  the default. *See* F.R.C.P. 55(c). "Good cause" would likely exist if the corporate statuses were
10 resolved, especially in light of the fact that default judgments are highly disfavored and courts are
11 generally inclined to resolve cases on their merits. *See e.g., Pena v. Seguros La Comercial, S.A.*,
12 770 F.2d 811, 814 (9th Cir. 1985) ("default judgments are generally disfavored. Whenever it is
13 reasonably possible, cases should be decided upon their merits.").

14 As such, the Court will DENY the motion to strike without prejudice. The Court will
15 STAY the case only as to defendants Unigate Enterprise, Inc. and Unigate Investment, Inc., except
16 that depositions shall be stayed as to all parties. A Case Management Conference will be held on
17 Tuesday, October 1, 2013 at 2:00 p.m. in Courtroom 2 on the 17th Floor. The parties shall file a
18 joint Case Management Conference Statement on or before September 24, 2013, addressing the
19 need to continue or lift the stay in addition to the other topics required by the Standing Order for
20 All Judges of the Northern District of California and Judge Orrick's standing Case Management
21 Conference Order.

23 **IT IS SO ORDERED**.
24 Dated: September 12, 2013

WILLIAM H. ORRICK
United States District Judge