UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGN DATA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIGATE ENTERPRISE, INC., et al.,<br><br>　　　　Defendants. | Case No. 12-cv-04131-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 112 |

Having failed to uncover evidence that defendants ("Unigate") actually used its copyrighted software (SDS/2) in violation of the Copyright Act and realizing that its copyright claims were foundering, plaintiff Design Data Corporation ("DDC") sought leave to amend to alleged additional causes of action. Granting leave to amend, however, would require the reopening of fact discovery, a reopening and extension of the deadline to file motions, and a continuance in the pretrial and trial dates to allow resolution of defense motions challenging the proposed new claims. This prejudice – to the case schedule and Unigate's ability to efficiently litigate this case – when combined with the lack of diligence DDC showed in seeking to add these claims, leads me to DENY the motion for leave.

## BACKGROUND

This case was filed on August 6, 2012. An Amended Complaint, alleging causes of action for copyright infringement under the Copyright Act and for breach of contract was filed on October 23, 2012. The breach claim was dismissed in January 2013, and the case proceeded on the Copyright Act claim. Docket No. 27. On January 24, 2014, defendant Unigate filed its motion for summary judgment. The Court repeatedly extended the briefing deadlines and hearing date to allow DDC to complete additional forensic testing of Unigate's computers, depose Unigate's principals, and submit supplemental briefing. Docket Nos. 73, 81, 93, 99, 110. The

1    Court heard the motion for summary judgment on July 18, 2014, and issued the order granting the
2    motion on August 6, 2014.
3          Three days before the hearing on the motion for summary judgment, DDC filed a motion
4    for leave to file a Second Amended Complaint. By that motion, DDC seeks to add causes of
5    action for: (i) Circumvention of Copyright Protection Systems in Violation of the Digital
6    Millennium Copyright Act - 17 U.S.C. § 1201 *et seq.*; (ii) False Designation of Origin under the
7    Trademark Act - 15 U.S.C. § 1125(a)(1); (iii) Common Law Trademark Infringement and Unfair
8    Competition (SDS/2 Mark); and (iv) Statutory False Advertising and Unfair Competition - Cal.
9    B&P Code § 17200 *et seq*.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992).

However, once a district court has issued a pretrial scheduling order, establishing the time to join parties and amend pleadings, to file and hear motions, and to complete discovery, and if any of those dates would be affected by granting leave to amend, the party seeking to amend must show "good cause" under Rule 16(b). The "good cause" standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

If good cause is shown under Rule 16(b), the party must also demonstrate that amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608.

## DISCUSSION

Under the Court's March 24, 2014 scheduling order, the fact discovery cut off was June 24, 2014; the last day for hearing motions was September 17, 2014; the pretrial conference is November 17, 2014; and trial is set for December 15, 2014. Docket No. 81. Pursuant to the

parties' July 25, 2014 stipulation, the Court agreed to extend the deadline for taking depositions of all *percipient* witnesses (including the parties, "Deposition Discovery Cut-off") to (a) 30 days after the Court issued its order on Unigate's motion for summary judgment or (b) the Order resolving the motion for leave, whichever is later. The Court also extended the deadline for disclosure of expert reports to the Deposition Discovery Cut-off date. Docket No. 117.

It is apparent that if DDC's motion to amend is granted, then the Court's scheduling order will have to be amended. The nature of the new claims are markedly different than the Copyright Act claim. Fact discovery, including interrogatories and requests for production, will have to be reopened. Unigate will have to re-take Rule 30(b)(6) depositions to probe DDC's use of its trademark, its advertising, and its damages. Moreover, it is likely that after that discovery Unigate will want to move for summary judgment, requiring the extension of the deadline for hearings on motions. This cannot be accomplished prior to the November 17, 2014 pretrial conference date, or the December 15, 2014 trial date, even if the parties were extraordinarily diligent in completing the additional discovery that would need to be undertaken.

Given that the timing of DDC's motion to amend would upend the trial schedule, the Court will consider DDC's motion under Rule 16(b)'s good cause standard. *See Johnson*, 975 F.2d at 608. DDC argues that because there was no deadline for amending pleadings set in the Case Management Order, the liberal standard for amending under Rule 15 should apply. I disagree-- DDC's argument elevates form over substance given the status of the case when the motion was filed. In this instance, however, it does not matter because I would deny the motion to amend under either standard.

I find that DDC knew (or should have known) the factual bases underlying the claims it now seeks to add as of August 2012 and late 2013. DDC has not been diligent in seeking leave to amend.

The "new" evidence plaintiff claims supports it motion for leave to amend is described in the Supplemental Declaration of Kymberleigh Korpus [Docket No. 111-1] and is summarized in bullet points below. After each bullet point, a sentence that starts with "However" notes the relevant evidence regarding what and when DDC knew or should have known about it:

- Since 2009, Unigate has advertised on its website and has told customers it uses SDS/2. Supp. Korpus Declaration ¶¶ 2.a.; 2.b.

However, DDC's own investigator knew about DDC advertising use of SDS/2 on its website as of January 2011, and discovered that DDC told potential customers that it used SDS/2 in January 2011. Declaration of Thomas Duden ¶¶ 6-7.

- Since 2009 Unigate has made various false and misleading statements on its website regarding its "detailing" work and use of SDS/2, despite the fact that DDC did not do the detailing, but sent it to contractors in China. Supp. Korpus Decl. ¶¶ 2.c., 2.d.

However, DDC's investigator reviewed Unigate's website in 2009. Moreover, the falsity of the statements relied on by DDC (that Unigate did not do the detailing itself, despite statements to the contrary, and sent the work to China) was known to DDC in August 2012, when Mr. Duden confronted defendants. Duden Decl. ¶¶ 12-14.

- DDC argues that it secured new evidence from defendants' July 2014 depositions regarding their relationship with Tony (defendants' contractor in China). Supp. Korpus Decl. ¶¶ h., i.

However, all of Unigate's communications with Tony were produced to DDC at the end of 2013, and the Court repeatedly extended the case management deadlines in February 2014, to allow DDC more time to sort through the large amount of documents produced. DDC does not explain why it took them until the July depositions to understand the context of defendants' relationship with Tony.

- Other allegedly new facts include the operation of Unigate; namely that Zhang and Liu are the only two employees, but they portrayed themselves on their website and to customers as being a bigger company with more employees. Supp. Korpus Decl. ¶¶ j. – o.

However, defendants disclosed that they were the sole operators to Mr. Duden in August 2012, DDC's website was investigated in January 2011, and customer communications were turned over to DDC at the end of 2013. Duden Decl. ¶ 13.

- The remaining "new" facts relied upon by DDC to support its motion for leave to amend regard the relationship between defendants Unigate Enterprises, Inc. (which offers steel

4

detailing) and Unigate Graphic, Inc. (which offers architectural drawings), and the fact that "virtually" no corporate formalities exist for UE and UG.  Supp. Korpus Decl. ¶¶ p. – v.

However, DDC does not explain why these facts are either newly discovered – the parties will recall that there was significant motion practice regarding defendants' various corporate forms back in August and September 2013 – or why these facts are crucial to the new claims DDC wants to assert.

In sum, DDC had knowledge of the majority of the facts it claims supports it motion for leave by August 2012 or the end of 2013 at the latest.  Waiting until July 2014 to move to amend – when it became clear that DDC did not have evidence to support its Copyright Act claim and that claim was likely to fail – is not diligent.  DDC has failed to show good cause to modify the case management dates.

Considering the motion under Rule 15, I still deny it.  As the Ninth Circuit has recognized, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Asso. of Machinists & Aerospace Workers*,781 F.2d 1393, 1398 (9th Cir. 1986). Here, DDC did not seek to amend until July 2014, when it was clear that it was not going to be able to uncover evidence of copyright infringement.  It seeks to amend based on facts that it knew (or reasonably should have known) in January 2011, August 2012, and (for a discrete subset) the end of 2013.  Reopening of fact discovery and motion practice would prejudice defendants and unduly delay resolution of this case.  *Acri*, 781 F.2d at 1398-1399 (no abuse of discretion for denial of motion to amend under Rule 15(a), where it "was brought to avoid the possibility of an adverse summary judgment ruling, and that allowing amendment would prejudice the Union because of the necessity for further discovery.").

Therefore, under both Rule 16 and Rule 15, leave to amend is DENIED.

**CONCLUSION**

DDC's motion for leave to amend is DENIED. There are no remaining claims in this case. Judgment will be entered in accordance with the granting of defendants' motion for summary judgment.

**IT IS SO ORDERED**.

Dated: September 11, 2014



WILLIAM H. ORRICK
United States District Judge