UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGN DATA CORPORATION,<br>                  Plaintiff,<br><br>        v.<br><br>UNIGATE ENTERPRISE, INC., et al.,<br>                  Defendants. | Case No. 12-cv-04131-WHO<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 135 |

After prevailing on their motion for summary judgment on plaintiff Design Data Corporation's ("DDC") copyright infringement claim, defendants Unigate Enterprise, Inc., Unigate Graphic, Inc., Louis Liu and Helen Zhang (collectively "Unigate") move for attorney's fees and costs pursuant to the Copyright Act, 17 U.S.C.A. § 505 and Federal Rule of Civil Procedure 68. Unigate's motion is currently scheduled for hearing on November 5, 2014. Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and hereby VACATE the hearing. After considering the factors set forth in *Fogerty v. Fantasy, Inc.*, I find that an award for attorney's fees and other costs is not appropriate in this case and DENY Unigate's motion.

## BACKGROUND

In 2012, DDC brought an action for copyright infringement and unjust enrichment based upon Unigate's alleged use of their steel detailing software, SDS/2. Compl. at 1 (Dkt. No. 1). On August 6, 2014, I granted Unigate's motion for summary judgment because the evidence demonstrated that Unigate's copying of SDS/2 was only *de minimis*. Order at 1 (Dkt. No. 118). I then denied DDC's motion to amend the complaint. Dkt. No 129 at 1.

Unigate moves for attorney's fees based upon the Copyright Act and Federal Rule of Civil Procedure 68. Mot. for Fees and Costs at 1 (Dkt. No. 135). Plaintiffs oppose the motion, arguing

that an award of attorney's fees would "frustrate the goals of the Copyright Act" and is not appropriate in this case. Oppo. at 1 (Dkt. No. 141-22).

## LEGAL STANDARD

17 U.S.C.A. § 505 states: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The fact that a party succeeds on the merits of a copyright infringement action does not necessarily mean that the party is entitled to attorney's fees. Instead, the Supreme Court has articulated an "even-handed" approach to determining whether fees are appropriate, regardless of whether one prevails or is a defendant or plaintiff. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 517 (1994). Courts look to factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (internal citations and quotations omitted). These factors are not exclusive. *Id.* The Ninth Circuit also considers the degree of success obtained by the prevailing party. *See, e.g.*, *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614-15 (9th Cir. 2010).

In addition, "[t]he most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Mattel, Inc. v. MGA Entm't*, 705 F.3d 1108, 1111 (9th Cir. 2013). The Copyright Act "reflects a balance of competing claims upon the public interest: Creative work is to be encouraged and rewarded, but private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975); *Fogerty*, 510 U.S. at 526-27.

## DISCUSSION

**A. Unigate is not entitled to attorney's fees under Federal Rule of Civil Procedure 68**

Unigate first argues that DDC must pay costs pursuant to Federal Rule of Civil Procedure 68(d), which provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED.

2

R. CIV. P. 68; Mot. for Fees and Costs at 9. However, the Supreme Court has unequivocally stated that Rule 68 "applies only to offers made by the defendant *and only to judgments obtained by the plaintiff*." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) (emphasis added). It held that Rule 68 does not impose costs where the defendant obtains a judgment in its favor. *Id.* As the prevailing defendant, Unigate is not entitled to costs under Rule 68.

**B. Unigate is not entitled to attorney's fees under the Copyright Act**

The parties primarily dispute the appropriateness of statutory attorney's fees under the Copyright Act, 17 U.S.C.A. § 505. The key to this question is whether an award of attorney's fees would further the purposes of the Copyright Act. *Mattel*, 705 F.3d at 1111. When awarding attorney's fees to prevailing defendants, courts have emphasized the need to prevent frivolous claims, encourage meritorious fair use, and increase public access to unprotected works. *See, e.g.*, *Fogerty*, 510 U.S. at 527; *SOFA Entm't, Inc. v. Dodger Prod., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

Unlike the above cases, Unigate's defense is not based upon a successful theory of fair use, independent creation, use of public domain works, or another legal theory that promotes artistic creativity or preserves public access to creative works. *See, e.g.*, *Fogerty*, 510 U.S. at 525-28; *Reinicke v. Creative Empire LLC*, No. 12cv1405–GPC (KSC), 2014 WL 5390176, at *5 (S.D. Cal. Oct. 22, 2014). Unigate prevailed because its use of DDC's copyright was either *de minimis* or did not occur directly in the United States. Order at 1, 5. This position does not greatly advance any of the Copyright Act's general goals.

In addition, DDC had evidence that its copyrighted software was used illegally in China in connection with Unigate's projects in the United States. *See* Decl. Kymberleigh Korpus, Ex. A, Ex. B, Ex. C (Dkt. No. 141). An award of attorney's fees in this case could discourage plaintiffs like DDC from bringing cases where they have definite evidence of some infringement for fear that they will be unable to develop sufficient facts to prevail. *See Morris v. Atchity*, No. CV 08–5321–RSWL (JCx), 2011 WL 4396714, at *1 (C.D. Cal. Sept. 20, 2011), *aff'd* 544 Fed. Appx. 760, 761 (9th Cir. 2013). Therefore, denying Unigate attorney's fees promotes, and does not hinder, the objectives of the Copyright Act. *See Berkla v. Corel Corp.*, 302 F.3d 909, 923 (9th

3

Cir. 2002) (affirming denial of attorney's fees where the prevailing defendant's actions, "while not technically violating the virtual identity standard of copyright infringement, nevertheless constituted a highly questionable business practice"); *Iverson v. Grant*, 133 F.3d 922 (8th Cir. 1998) (upholding district court's decision not to award attorney's fees where defendant prevailed because infringing conduct occurred overseas).

There is value in deterring frivolous lawsuits, especially in cases where the cost of litigation may put a non-infringing party out of business. *See, e.g.*, *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042-43 (9th Cir. 2014). But this case was not so clearly meritless. DDC initiated this lawsuit after it discovered an unauthorized use of SDS/2 relating to at least one of Unigate's steel detailing projects. Decl. Kymberleigh Korpus, Ex. A, Ex. B, Ex. C. Unigate admits that "at least one of [Unigate's contractors] used SDS-2 software illegally, without authorization." Suppl. Decl. J. James Li, Ex. C at 8 (Dkt. No. 149). In addition, DDC found an unauthorized version of its software on a Unigate computer. Order at 2. Given these facts, DDC's prosecution of this matter was not frivolous.

The other factors set forth in *Fogerty* also support a denial of fees. Looking first to the degree of success obtained, Unigate's victory at the summary judgment phase undoubtedly weighs in its favor. However, this must be viewed together with the other *Fogerty* factors and does not alone call for an award under the Copyright Act. *See, e.g.*, *Halicki Films, LLC v. Sanderson Sales and Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008); *Brod v. General Pub. Group, Inc.*, 32 Fed. Appx. 231, 235-36 (9th Cir. 2002).

Second, Unigate contends that DDC's case was objectively unreasonable. Mot. for Fees and Costs at 9. As discussed, I disagree. In fact, according to Unigate's own evidence, "[n]one of the firms [consulted with] told us that we had even a reasonable chance of winning on summary judgment," and one firm advised Unigate to settle or buy licenses from DDC.[1] Decl. Louis Liu at 1 (Dkt. No. 148).

---

[1] Because I find that DDC had a reasonable basis to believe it could prevail on its claims of direct or contributory infringement if it discovered further evidence, I need not address the reasonableness of its claims based upon the "protected image" theory. Oppo. at 13-14.

4

Similarly, there is no evidence that DDC's case was motivated by bad faith. Unigate argues that DDC knew there was no evidence of direct infringement in the United States, and unreasonably pursued the lawsuit to put Unigate out of business. Mot. for Fees and Costs at 9-11. It states that DDC used "sharp discovery tactics" designed to coerce Unigate into settlement. *Id.* at 11-12. DDC opposes Unigate's version of events and accuses Unigate of being uncooperative and dishonest. Oppo. at 12. Ultimately, the facts indicate that DDC's litigation decisions were motivated by a legitimate concern about infringement of its software. In addition to the evidence of overseas infringement, DDC found unauthorized copies of its software on a Unigate computer, as well as entire directories of folders generated by SDS/2. Order at 6. Considering these facts, DDC's attempt to obtain more evidence and prosecute this case does not amount to bad faith.

Finally, Unigate contends that the need for compensation and deterrence call for attorney's fees. Mot. for Fees and Costs at 12-13. It asserts that this lawsuit has pushed it to the verge of bankruptcy and that attorney's fees are necessary to remedy its dire financial situation. *Id.* at 2-3, 12. As set forth above, I do not think that there is a need to deter DDC's conduct in this case.

In addition, it is not appropriate to grant attorney's fees based solely on the fact that DDC is an established company with large revenues, while Unigate is a small "mom-pop" business. *See* Mot. for Fees and Costs at 2. Unigate bases its business model in part upon advertising to consumers that it can use SDS/2 in its projects, then acting as a middleman between clients in the United States and overseas contractors that undisputedly infringe DDC's copyright. Order at 10. Whether Unigate knew it or not, it benefitted from the unauthorized use of SDS/2 by its contractors, without paying for the license either directly or indirectly through higher premiums. It was not unforeseeable that the DDC ultimately took action to protect its intellectual property. I am not persuaded that Unigate should be compensated under these circumstances. *See Berkla*, 302 F.3d at 923.

**CONCLUSION**

For the above reasons, the *Fogerty* factors and the goals of the Copyright Act lead me to DENY Unigate's motion for attorney's fees.

**IT IS SO ORDERED**.

Dated: October 31, 2014



WILLIAM H. ORRICK
United States District Judge